# ROBERT J. KRAKOW

*LAW OFFICE OF ROBERT J. KRAKOW, P.C.*
233 Broadway, Suite 2320
New York, New York 10279
(212) 227-0600
(888) 449-8529 FACSIMILE*

November 1, 2015

*BY ECF and E-mail*
Hon. Shira A. Scheindlin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York NY 10007-1312

      Re:  USA v. Allah Justice McQueen
          15 Cr. 48 (SAS)
          **Letter Regarding Sentencing Issue**

Dear Judge Scheindlin:

This letter is respectfully submitted on behalf of Mr. McQueen, the defendant, regarding allegations made by the Government in its sentencing submission.

On Saturday, October 31, 2015, following my receipt of the Government's sentencing submission revealing certain factual allegations made against Mr. McQueen by his codefendant, Frances Rodriguez, I requested from the Government and from cocounsel a copy of the codefendant's sentencing submission.  After the Government filed its submission, the Court unsealed Ms. Rodriguez's sentencing submission. Counsel for Ms. Rodriguez did provide a copy of the submission, but declined to provide the supporting affidavits cited in the submission or any other information, including Ms. Rodriguez's Presentence Report (also cited in the submission, Rodriguez's Presentence Report remains under seal), allegedly supporting Ms. Rodriguez's claims regarding Mr. McQueen's conduct, on which the Government relies in its submission.

We take issue with the Government's claims contained on page 9 of its submission, among other references, that Mr. McQueen made "false" assertions to the Department of Probation or in his sentencing submission, or that Mr. McQueen improperly failed to disclose information. Mr. McQueen's Presentence Report ("PSR") clearly contains references to a relationship between Mr. McQueen and Ms. Rodriguez (PSR ¶ 47) as does the Complaint, which is attached as Exhibit G to Mr. McQueen's sentencing submission. Significantly, Mr. McQueen's PSR does not include the information alleged by Ms. Rodriguez, on which the Government relies. Mr. McQueen has not denied any information reported in his PSR, including the report about his relationship with Ms. Rodriguez contained in paragraph 47. Mr. McQueen has pleaded guilty, and has not disputed the allegations contained in the Complaint with respect to the fact that he had a relationship with Ms. Rodriguez. See Complaint at page 9, ¶ 14.a.,

*LAW OFFICE OF ROBERT J. KRAKOW, P.C.*

Honorable Shira A. Scheindlin
November 1, 2015
Page 2

attached as Exhibit G to Mr. McQueen's sentencing memorandum.

That Ms. Rodriguez has chosen to exploit her adverse relationship with Mr. McQueen to seek mitigation in her own sentencing involves allegations of fact that would require resolution of difficult side issues, not directly relevant to Mr. McQueen's sentencing. While Mr. McQueen has never denied his relationship with Ms. Rodriguez, he does not agree with the Government's characterization of that relationship, nor do I, as Mr. McQueen's counsel, agree that Mr. McQueen committed any crimes in the relationship as essentially claimed by the Government.

Nothing contained in Mr. McQueen's statements to the Department of Probation or in his submissions to the Court support the Government's suggestion that he has made "false allegations" or that he engaged in a "failure to mention" criminal or otherwise offensive actions. First, while admitting the offenses alleged in the Indictment, Mr. McQueen has respectfully declined to discuss the offense with the Department of Probation. PSR ¶ 72. His plea allocution was deemed sufficient and he relies on his statements made during the plea proceeding. The Department of Probation is presumably aware of Ms. Rodriguez's allegations regarding Mr. McQueen, as she cites to her PSR regarding some of them in her sentencing memorandum. The Probation Department has not referred to these allegations in Mr. McQueen's PSR nor was the subject addressed. Significantly, the Department of Probation has found that there exists no information that Mr. McQueen has obstructed justice. PSR ¶ 71.

The Government complains about Mr. McQueen's reliance on his 5-year and continuing relationship with his fiancée and that a long time acquaintance of Mr. McQueen used the word "kindhearted" to describe his friend. While the Government has emphasized the contrast between Mr. McQueen's positive relationship and his fiancée and the way some people view Mr. McQueen, this contrast does not remotely rise to the level of making "false" statements to the Department of Probation or intentionally misleading anyone.

Mr. McQueen does not ask this Court to view him as an angelic figure whose life has been perfect or even admirable. Clearly, he is not such a person. He has committed offenses connected to a much larger scheme that victimized individuals who are vulnerable.

What Mr. McQueen has shown, however, is that the totality of his life does not exclusively consist of criminal, mendacious or violent conduct, in contrast to claims the Government relentlessly has asserted, without independent substantive verification. Mr. McQueen does have a criminal history, he has admitted to serious offenses in this case, he does not dispute that he had a relationship with Ms. Rodriguez, a fact that is part of the course of the criminal conduct in this case.

The sensational and extreme allegations by Ms. Rodriguez proffered to mitigate her own culpability have not, to the knowledge of Mr. McQueen or his counsel, been

Honorable Shira A. Scheindlin
November 1, 2015
Page 3

corroborated by anyone other than her close family members. We respectfully submit that resolution of those allegations are beyond the confines of the issues before this Court with respect to Mr. McQueen's sentencing. It is significant that even after serious accusations against Mr. McQueen have belatedly become public and placed in controversy in his sentencing, the support for the allegations, including Ms. Rodriguez's PSR have not been disclosed to Mr. McQueen.

Mr. McQueen has demonstrated remorse for his offense conduct. He has also offered evidence showing that there is a side to his character that is positive, in which he pursues positive relationships with his children, their mothers and his fiancée. Mr. McQueen is far from perfect and he stands before the Court having admitted serious crimes.  That he also has positive relationships that are currently stable and is highly regarded by persons close to him, such as Natasha Delbe, mother of two of his children, his fiancée and other friends and family is offered to show the totality of his character and that there is a side to this individual that augurs well for his rehabilitation and for his future. To cast the positive aspects of Mr. McQueen's life and character as somehow constituting a misrepresentation or an offer of "false" facts, as argued by the Government, because it contrasts with negative aspects of Mr. McQueen's past, is the type of self-evident tautological assertion that could be made about any defendant or any person at any time. It is a given that Mr. McQueen has engaged in wrongful conduct. There is another side to his character, however, that should appropriately be considered in sentencing.

Under all the circumstances, Mr. McQueen respectfully asks the Court not to consider the newly revealed but still unsupported accusations made against Mr. McQueen in imposing sentence. Mr. McQueen has not made false statements to the Department of Probation. He has not failed to disclose information that he was required to disclose or that he was asked about.

While we dispute many of the allegations made by Mr. McQueen's codefendant in her effort to reduce her sentence, it is respectfully submitted that resolution of those allegations is not necessary for the determination of an appropriate sentence for Mr. McQueen. Unproven allegations, the Government's characterization of those allegations, and the conclusions the Government has drawn from them, should not operate as factors that inform the Court's judgment in sentencing Mr. McQueen, especially when the entire factual basis of the allegations has not been provided to him.

Respectfully submitted,

Robert J. Krakow

RJK/ac
cc: By E-Mail Message and by ECF
A.U.S.A. Elisha Kobe